IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DINA M. ALIBANG, | ) | CIVIL NO. 08-00130 PMP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TESORO HAWAII CORPORATION, | ) | |
| WADE NAKASHIMA; JEFFREY | ) | |
| POKI, | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court for consideration is Plaintiff Dina M. Alibang's Motion for Judgment as a Matter of Law and/or, in the Alternative, for New Trial (Doc. #265), filed on December 24, 2009. On January 25, 2010, Defendants filed their Response (Doc. #275) which Defendants supplemented with a corrected Memorandum in Opposition (Doc. #276), on January 26, 2010. On February 12, 2010, Plaintiff Alibang filed a Reply Memorandum (Doc. #278).

Having read and considered the foregoing, the Court finds that Plaintiff Alibang's Motion (Doc. #265) must be denied.

On December 11, 2009, following a two-week trial, the jury case returned a verdict in favor of Defendants and against Plaintiff on all claims. Notwithstanding the jury's verdict, Plaintiff now moves for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. Viewing the evidence in the light most favorable to Defendants, and drawing all reasonable inferences in Defendants favor, the Court must conclude on the record that the verdicts rendered by the jury were reasonably based on the evidence presented at trial. Notwithstanding the arguments advanced by Plaintiff in the instant motion, the evidentiary record does not support a finding that no reasonable juror could find in Defendants favor in this case. Therefore, Plaintiff's motion for judgment as a matter of law must be denied.

Similar reasoning supports denial of Plaintiff's alternative Motion for a New Trial under Rule 59 of the Federal Rules of Civil Procedure.

This case was hard fought at trial, and reasonable minds can certainly differ on the merits of Plaintiff's claims. That said, however, the record of these proceedings simply cannot support a finding that the jury's verdict was contrary to the clear weight of the evidence. Molksi vs. M.J. Cable, Inc., 481 F.3d 724,729 (9th Cir. 2007). Additionally, there is no basis to conclude that the length of the jury's deliberations or the communications from the jury during deliberations

reflect anything other than a fairly common "struggle" with evidence and the jury instructions in an attempt to arrive at a unanimous Special Verdict.

**IT IS THEREFORE ORDERED that** Plaintiff Dina M. Alibang's Motion for Judgment as a Matter of Law and/or, in the Alternative, for New Trial (Doc. #265) is **DENIED**.

DATED: March 1, 2010.

_____
PHILIP M. PRO
United States District Judge